1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNLY R. BECKER,

      Plaintiff,                  No. CIV S-11-1491 KJM EFB PS

      vs.

EXECUTIVE OFFICE FOR UNITED
STATES ATTORNEYS, UNITED
STATES DEPARTMENT OF JUSTICE,

                        ORDER AND
      Defendants.          FINDINGS AND RECOMMENDATIONS
_____/

      This action, in which plaintiff is proceeding pro se, is before the undersigned pursuant to

Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Presently

pending for decision is the United States Department of Justice's ("DOJ") motion for dismissal

of defendant the Executive Office for United States Attorneys ("EOUSA") pursuant to Federal

Rule of Civil Procedure ("Rule") 12(b)(1), and the DOJ's motion for summary judgment

pursuant to Rule 56.[1] Dckt. No. 10. The motions are noticed for hearing on August 10, 2011.

////

_____

     [1] On August 1, 2011, plaintiff filed a request to allow a late filing of his opposition to the
DOJ's motion. Dckt. No. 12. The DOJ does not object to plaintiff's late filing. Dckt. No. 14 at
1, n.1. Therefore, the motion will be granted and plaintiff's opposition will be considered.

1

1 Because the court has determined that oral argument will not materially assist in resolving the

2 motions, the August 10 hearing is vacated pursuant to Local Rule 230(g).  Additionally, for the

3 reasons stated below, the undersigned recommends that the motions be granted.

4 I.       Background

5        On March 1, 2011, EOUSA received a FOIA request from plaintiff seeking information

6 discovered during an investigation regarding Wachovia Bank.  Def.'s Statement of Undisputed

7 Facts ("SUF"), Dckt. No. 10-1, ¶ 1[2]; Pl.'s Resp. to SUF ("Resp. to SUF"), Dckt. No. 11, ¶ 1.  On

8 March 11, 2011, EOUSA responded to plaintiff's letter, informing him that his letter was

9 received, that it was assigned a FOIA request number, and that it would be handled in the order it

10 was received.  SUF ¶ 2; Resp. to SUF ¶ 2.  On March 18, 2011, EOUSA requested that the

11 United States Attorney's Office for the Southern District of Florida conduct a search for records

12 responsive to plaintiff's request, since any responsive documents would have been located in that

13 office.  SUF ¶¶ 3, 9.

14        On April 28, 2011, EOUSA received another letter from plaintiff, conveying his concern

15 that as of that date he had not received any other information regarding his FOIA request.  SUF

16 ¶ 4; Resp. to SUF ¶ 4.  Then, on May 11, 2011, EOUSA received another letter from plaintiff

17 stating his intent to file a complaint regarding the lack of response from EOUSA.  SUF ¶ 5;

18 Resp. to SUF ¶ 5.  Plaintiff filed this action on June 2, 2011.  Dckt. No. 1.  Then, on June 7,

19 2011, EOUSA responded to plaintiff, stating that after a search conducted in the Southern

20 District of Florida, no responsive records were found.  SUF ¶ 6; Resp. to SUF ¶ 6; *see also* SUF

21 ¶¶ 8-19.

22 II.      Motion to Dismiss

23        The DOJ moves to dismiss EOUSA for lack of jurisdiction under FOIA and to substitute

24 the DOJ as the defendant, arguing that EOUSA is only a component of the DOJ and is not an

25

26 [2] All citations to the Statement of Undisputed Facts herein incorporate by reference those citations stated in the SUF in support of each undisputed fact.

1  "agency" that can be sued under FOIA.  Mot., Dckt. No. 10, at 2-4.  Plaintiff does not oppose the

2  motion and "agrees" that the DOJ is the proper defendant in this action.  Opp'n, Dckt. No. 13, at

3  2.  Therefore, it is recommended that EOUSA be dismissed and that the DOJ be substituted as

4  the proper defendant.  *See* 5 U.S.C. § 552(a)(4)(B) (providing a limited waiver of the federal

5  government's sovereign immunity for district courts "to enjoin the agency from withholding

6  agency records and to order the production of any agency records improperly withheld from the

7  complainant."); 5 U.S.C. § 552(f) (defining an "agency" as "any executive department, military

8  department, Government corporation, Government controlled corporation, or other establishment

9  in the executive branch of the Government (including the Executive Office of the President), or

10  any independent regulatory agency."); *see also Hersh & Hersh v. U.S. Dep't of Health & Human*

11  *Servs*., 2007 WL 2155695, at *1 (N.D. Cal. July 26, 2007) (dismissing HHS components, leaving

12  HHS as sole defendant).

13  III.    Motion for Summary Judgment

14      The DOJ moves for summary judgment, arguing that it performed a search reasonably

15  calculated to uncover all relevant documents and that defendant's search on plaintiff's FOIA

16  request satisfies FOIA requirements.  Dckt. No. 10 at 4-8.

17      In a FOIA case, "federal jurisdiction is dependent on a showing that an agency has (1)

18  improperly (2) withheld (3) agency records." *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S.

19  136, 142 (1989) (internal quotation marks omitted).  "Unless each of these criteria is met, a

20  district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's

21  disclosure requirements." *Id.*  "The burden is on the agency to demonstrate, not the requester to

22  disprove, that the materials sought are not 'agency records' or have not been 'improperly'

23  'withheld.'" *Id.* at 142 n.3.

24      Summary judgment is appropriate when it is demonstrated that there exists "no genuine

25  issue as to any material fact and that the moving party is entitled to a judgment as a matter of

26  law." Fed. R. Civ. P. 56(c); *see also Lawyers Comm. for Civil Rights of S.F. Bay Area v. U.S.*

1    *Dep't of Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008) ("As a general rule, all FOIA

2    determinations should be resolved on summary judgment.").

3         An issue in many FOIA summary judgment motions is the agency's search. The agency

4    must "demonstrate that it has conducted a search reasonably calculated to uncover all relevant

5    documents." *Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1328 (9th Cir. 1995)

6    (citing *Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1985)). The "issue to be resolved is not

7    whether there might exist any other documents possibly responsive to the request, but rather

8    whether the search for those documents was adequate." *Id.*

9         Plaintiff does not dispute that defendant performed a search reasonably calculated to

10    uncover all relevant documents. Dckt. No. 13 at 2. Therefore, there is no genuine issue of

11    material fact regarding whether the FOIA search that defendant conducted was adequate.

12         Nonetheless, plaintiff contends that defendant's motion for summary judgment should be

13    denied because defendant did not determine whether to comply with plaintiff's request within

14    twenty days of receiving it, as required by FOIA. Dckt. No. 13 at 3 (citing 5 U.S.C.

15    § 552(a)(6)(A)(i) ("Each agency, upon any request for records made under paragraph (1), (2), or

16    (3) of this subsection, shall--(i) determine within 20 days (excepting Saturdays, Sundays, and

17    legal public holidays) after the receipt of any such request whether to comply with such request

18    and shall immediately notify the person making such request of such determination and the

19    reasons therefor, and of the right of such person to appeal to the head of the agency any adverse

20    determination.") and 28 C.F.R. § 16.6(b) ("Ordinarily, a component shall have twenty business

21    days from when a request is received to determine whether to grant or deny the request. Once a

22    component makes a determination to grant a request in whole or in part, it shall notify the

23    requester in writing.")). Plaintiff argues that defendant did not respond to any of plaintiff's

24    inquiries until after plaintiff filed his complaint. Dckt. No. 13 at 3-4. However, because there is

25    no genuine issue of fact regarding whether the DOJ "improperly" "withheld" any "agency

26    records," the DOJ is entitled to summary judgment on plaintiff's FOIA claim.

4

IV.    Plaintiff's Request for Costs

In opposition to the DOJ's MSJ, plaintiff contends that the court should "grant the plaintiff summary judgment for court filing fees and costs based on the defendant's failure to comply with 5 U.S.C. § 552 and 28 C.F.R. 16 Subpart A." Dckt. No. 13 at 4. Plaintiff argues that he should be entitled to costs and fees under 5 U.S.C. § 552(a)(4)(E), which provides that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." A complainant "substantially prevailed" if he "has obtained relief through either– (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id.* (quoting 5 U.S.C. § 552(a)(4)(E)).

However, plaintiff has not provided any authority supporting his position that the DOJ's alleged late but otherwise adequate FOIA response, without more, entitles plaintiff to a cost award. In fact, plaintiff has not shown that he has "substantially prevailed" for purposes of 5 U.S.C. § 552(a)(4)(E), since he has not obtained a judicial order, an enforceable written agreement or consent decree, or a voluntary or unilateral change in position by the DOJ. *See Delvecchio v. Smith*, 590 F. Supp.2d 1378, 1383 (S.D. Fla. 2008) (rejecting requesters' fees and costs request based on agency's untimely FOIA response, because "as the Petitioners have not substantially prevailed in this action, they are not entitled to either fees or costs"). As the DOJ notes, plaintiff "received no records, he lost this FOIA suit, and under 5 U.S.C. § 552(a)(4)(E) and *Delvecchio* his loss prevails over his untimely-FOIA response argument."[3] Dckt. No. 14 at

---

[3] Additionally, because plaintiff is pro se, he is not eligible to recover attorney's fees. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (noting that a "pro se litigant who is not a lawyer is not entitled to attorney's fees" and therefore denying attorney's fees under 42 U.S.C. § 1988); *Benavides v. BOP*, 993 F.2d 257, 259 (D.C. Cir. 1993) (noting that the "word 'attorney,' when used in the context of a fee-shifting statute, does not encompass a layperson proceeding on his own behalf" and therefore denying attorney's fees under FOIA).

5

1    2.  Therefore, plaintiff's request for fees and costs should be denied.[4]

2    V.     Conclusion

3          Accordingly, IT IS HEREBY ORDERED that:

4          1.  The August 10, 2011 hearing on defendants' motion for dismissal and summary

5    judgment, Dckt. No. 10, is vacated.

6          2.  Plaintiff's request to allow a late filing of his opposition, Dckt. No. 12, is granted.

7          3.  The status (pretrial scheduling) conference currently set for hearing on October 12,

8    2011 is vacated.[5]

9          IT IS FURTHER RECOMMENDED that:

10         1.  The DOJ's motion for dismissal of defendant EOUSA, Dckt. No. 10, be granted;

11   EOUSA be dismissed from this action; and the DOJ be substituted as the proper defendant.

12         2.  The DOJ's motion for summary judgment, Dckt. No. 10, be granted.

13         3.  Plaintiff's request for fees and costs, Dckt. No. 13, be denied.

14         4.  The Clerk be directed to enter judgment for the DOJ and close this case.

15         These findings and recommendations are submitted to the United States District Judge

16   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17   after being served with these findings and recommendations, any party may file written

18   objections with the court and serve a copy on all parties.  Such a document should be captioned

19   ////

20   ////

21

22        [4] Plaintiff also argues that "the Court should not allow any cost to be charged to the
     plaintiff for EOUSA or DOJ processing of plaintiff's FOIA request."  Dckt. No. 13 at 4.
23   However, that appears to be a non-issue since the DOJ contends that it "charged no FOIA
     processing fees."  Dckt. No. 14 at 1, n.1.
24

         [5] As a result, the parties are not required to submit status reports as provided in the June
25   2, 2011 order.  *See* Dckt. No. 2.  However, if the recommendation herein is not adopted by the
     district judge, the undersigned will reschedule the status conference and require the parties to
26   submit status reports.

6

1  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

2  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

3  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4  DATED:  August 8, 2011.

5

6                               EDMUND F. BRENNAN
                                UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26